**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

AMANDA B.,[1]
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 2:25-cv-711
Graham, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff Amanda B. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI).  This matter is before the Court on plaintiff's Statement of Errors (Doc. 10) and the Commissioner's response in opposition (Doc. 12).  Plaintiff did not file a reply.

**I.  Procedural Background**

In May 2023, plaintiff protectively filed an application for DIB; and in October 2023, plaintiff filed an application for SSI.  (Tr. 219, 221).  In both applications, plaintiff alleged disability since February 1, 2022, due to anxiety and depression.  (Tr. 272).  Her applications were denied initially and on reconsideration.  Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge (ALJ) Kimberly Cromer.  Plaintiff and a vocational expert (VE) appeared by telephone and testified at the ALJ hearing on June 25, 2024.  (Tr. 43-70).  On July 12, 2024, the ALJ issued a decision denying plaintiff's applications.  (Tr. 26-38).  On May 5, 2025, this decision became the final decision of the Commissioner when the Appeals Council denied review.  (Tr. 1-3).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

## II.  Analysis

### A.  Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI).  The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).  The claimant has the burden of proof at the first four steps of the sequential evaluation process.  *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).  Once the claimant establishes a prima facie case by showing an inability to

perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

## B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through June 30, 2028.

2. [Plaintiff] has not engaged in substantial gainful activity since February 1, 2022, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: depressive disorder, bipolar disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that [plaintiff] has the residual functional capacity to perform full range of work at all exertional levels but with the following non-exertional limitations: [plaintiff] cannot climb ladders, ropes, or scaffolds. She cannot work at unprotected heights or work around hazardous machinery. She is also unable to perform commercial driving. Mentally, [plaintiff] can perform simple, routine tasks. She cannot work with the general public as part of routine job duties. She can also have occasional interaction with coworkers and supervisors. [Plaintiff] cannot perform fast-paced production such as assembly line or work where [the] machine sets the pace; and work is of a variable rate. She can perform only occasional decision making, and experience only occasional changes in the work setting. Moreover, [plaintiff] cannot perform strict production, hourly requirements; and have end of day work goals. She is also unable to perform tandem, routine jobs tasks with coworkers.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).[2]

7. [Plaintiff] was born on  [in] . . . 1985 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because [plaintiff]'s past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[3]

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from February 1, 2022, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 31-38).

## C.  Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

---

[2] Plaintiff's past relevant work was as a mixer operator, which is unskilled, medium work that was actually performed at a heavy level.  (Tr. 37, 63).
[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative medium, unskilled occupations such as cleaner II (53,000 jobs nationally), hand packager (70,000 jobs nationally), and store laborer (162,000 jobs nationally).  (Tr. 38, 65).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).   Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination.  Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

**D.  Specific Errors**

Plaintiff's raises a single assignment of error: the ALJ failed to adequately account for the opinions of the state agency consultants Kevin Edwards, Ph.D., and Clare McGinness, Ph.D., that plaintiff was limited to occasional and superficial interactions with others.  In particular, plaintiff argues that the ALJ included their opined limitations on the quality of plaintiff's interactions with coworkers and the general public but not with supervisors.

1.  <u>ALJ decision</u>

In September 2023, Dr. McGinness reviewed plaintiff's file initially for the DIB claim in September 2023.  (Tr. 72-79).  As relevant here, Dr. McGinness found moderate impairment in the area of interacting with others.  (Tr. 75).  Functionally, she found plaintiff capable of work with occasional, superficial interactions with others.  (Tr. 78).  In December 2023, Dr. Edwards

reviewed the updated record at the reconsideration level for the DIB claim and initially for the

SSI claim.  (Tr. 81-89, 91-99).  Dr. Edwards affirmed Dr. McGinness' opinions.  (Tr. 84, 94, 87,

97).

When evaluating Dr. McGinness' and Dr. Edwards' opinions, the ALJ stated:

The State agency (DDS) consultants found that [plaintiff] had moderate "paragraph b" limitation, but only mild limitation with the fourth domain, adapting/managing herself. (Exs. 2A, 4A, 6A).  These findings are partially persuasive, as they are generally consistent with her longitudinal mental health record, showing conservative overall treatment.  However, the undersigned finds that she has moderate difficulty with adapting/managing herself given her subjective complaints concerning attending to her personal care.  DDS was unable to consider her subjective complaints.  Therefore, these opinions are partially persuasive, and have been partially incorporated into the residual functional capacity in this decision, given her ongoing anxiety and depression.

(Tr. 36).  In her RFC determination, the ALJ concluded that plaintiff "cannot work with the

general public as part of routine job duties[,]" "can . . . have occasional interaction with

coworkers and supervisors[,]" and is "unable to perform tandem, routine job[ ] tasks with

coworkers."  (Tr. 33-34).

### 2.  Arguments

Plaintiff argues that the ALJ erred by limiting the quality of plaintiff's interactions with

only the general public and coworkers but not with supervisors, which is inconsistent with the

state agency consultants' opinions.  Plaintiff admits that this would not have been error except

for the fact the ALJ found the state agency consultants' opinions partially persuasive and yet

failed to explain why she failed to adopt all of their opined limitations.

The Commissioner argues in opposition that plaintiff has "not point[ed] to evidence

outside the prior administrative medical findings to show that such a limitation was required."

(Doc. 12 at PAGEID 595).  In any event, the ALJ found those opinions only partially persuasive.

The Commissioner also argues that the ALJ was partially persuaded by another medical opinion (the consultative psychological examiner) that did *not* include a superficial-interaction limitation with supervisors.  Finally, the Commissioner argues that the ALJ's prohibition against "tandem . . . tasks with coworkers" adequately covered the state agency consultants' qualitative-interaction limitation.

### 3.  Analysis

The ALJ alone is responsible for determining a plaintiff's RFC.  *See* 20 C.F.R. § 404.1546(c).[4]  While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner.  *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").  "Even where an ALJ provides 'great weight' to  an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."  *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

If, however, "the ALJ  accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why [s]he did not do so."  *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020).  "The Court cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."  *Canty v. Comm'r of Soc. Sec.*,

---

[4] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical."  *Miller v. Comm'r of Soc. Sec.*, No. 3:18-cv-281, 2019 WL 4253867, at *1 n. 1 (S.D. Ohio Sept. 9, 2019) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)).  The Court's references to DIB regulations should be read to incorporate the corresponding and identical SSI regulations, and vice versa, for purposes of this Report and Recommendation.

No. 2:15-cv-2221, 2016 WL 5957679, at *3 (S.D. Ohio Oct. 14, 2016) (citing *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996))).

Here, the state agency consultants found plaintiff limited to "occasional, superficial interactions with others." (Tr. 78, 87, 97). The ALJ found their opinions partially persuasive to the extent they were *not restrictive enough* in the area of adapting/managing oneself. (*See* Tr. 36). In her RFC determination, the ALJ specified that the quantity of plaintiff's interaction was limited as to both "coworkers and supervisors." (Tr. 33). Inexplicably, however, when it came to the quality[5] of plaintiff's interactions, the ALJ limited plaintiff only as related to coworkers but not supervisors.

This was exactly the situation in *Hoffer v. Comm'r of Soc. Sec.*, No. 3:20-cv-2871, 2022 WL 584666, (N.D. Ohio Feb. 11, 2022) (report and recommendation), *adopted*, 2022 WL 580756 (N.D. Ohio Feb. 25, 2022). There, the state agency consultants found that the plaintiff should be limited to occasional and superficial contact generally and without applying those limitations to particular groups of people (i.e., public, coworkers, or supervisors). *Id.* at *4. The ALJ assigned these opinions "some weight" because she found they were not restrictive enough. *Id.* at *5-6. For the RFC, the ALJ found that the plaintiff was limited to occasional interaction with coworkers *and* supervisors; no tandem work with coworkers; and no interaction with the general public. *Id.* at *3. The Court remanded the matter, explaining:

> With respect to Claimant's social interaction limitations, the ALJ incorporated the state agency reviewing psychologists' opinions into the RFC with the exception of

---

[5] "Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions—including a limitation to 'superficial' interaction." *Garvin v. Comm'r of Soc. Sec.*, No. 2:20-cv-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021) (report and recommendation), *adopted*, 2021 WL 2533191 (S.D. Ohio June 21, 2021).

the quality of interaction Claimant could have with his supervisors. The RFC limits the quality of Claimant's interaction with public to "no interaction" and with coworkers to "no tandem work". However, the decision is silent as to the quality of the interaction Claimant can have with his supervisors. It is possible that that the ALJ intended to include "supervisors" in the limitation for "no tandem work with coworkers". It is possible the ALJ did not find the limitation credible and, therefore, purposely left out a superficial limitation with respect to supervisors. It is also possible that the superficial limitation was simply overlooked regarding supervisors. This Court cannot determine the intent of the ALJ, however, without engaging in speculation. Although it may be likely that the ALJ intended the "no tandem work with coworkers" to apply equally to Claimant's supervisors, the ALJ repeatedly distinguished coworkers and supervisors both in the decision . . . and during the administrative hearing. . . . Had the ALJ limited Claimant to "no tandem work" without specifying "with coworkers" this Court could conceivably conclude that the limitation applied to both coworkers and supervisors.[6]

*Id.* at *5 (footnote omitted).

The *Hoffer* court also found that the error was not harmless because it was repeated in the vocational questioning. *Id.* at *6. Here too, the vocational questioning left the matter unresolved. (*See* Tr. 64 ("We're going to look at simple routine work, no work with the general public as part of routine job duties, occasional interaction with coworkers and supervisors. We're going to restrict no tandem routine job tasks with coworkers.")).[7]

The Commissioner's arguments otherwise are unpersuasive. First, although the ALJ described the state agency consultants' opinions as only partially persuasive, she did so because they were *not restrictive enough*; thus, the ALJ's "partial" qualification does not explain why she did not include limitations at least as restrictive as those they assessed. Second, the

---

[6] *Cf. Smith v. Astrue*, No. 1:12-cv-00831, 2012 WL 6607007, at *8 (N.D. Ohio Dec. 18, 2012) (remand not required where no such distinctions were made) ("The Court . . . finds no error as the term co-workers does not necessarily exclude one's bosses or managers."). The Commissioner's argument that the RFC's limitation to tandem jobs with coworkers covers the state agency consultants' opinions regarding the quality of interaction ignores this distinction.

[7] The ALJ later asked if there would be other work plaintiff could perform if she were "assessed with more marked level of social interaction requiring work more in isolation and interaction with supervisors was more at, let's say, you know, 10 to 15 percent more during the workday kind of like shift change communication[,]" and the VE responded, "[n]o[.]" (Tr. 67). While this inquiry is focused on quantity versus quality of interaction, it again suggests a meaningful distinction between coworkers and supervisors.

9

Commissioner suggests that plaintiff was required to point to evidence in addition to the state agency consultants' opinions consistent with greater limitations on the quality of plaintiff's social interactions.  The Commissioner does not offer authority to support this proposition.  As discussed above, while the ALJ was not required to adopt the state agency consultants' opinions in full, she was required to explain why she adopted certain parts of opinions she found persuasive but omitted others.  *See Canty*, 2016 WL 5957679, at *3.

Further, the Commissioner's post-hoc rationalizations for why the ALJ might have omitted the superficial interaction limitation with respect to supervisors are not substantial evidence to support her decision.  *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.,* 939 F.2d 361, 367 (6th Cir. 1991)).  The Commissioner points to the opinion of consultative psychological examiner Nena Kircher, Psy.D., who found that plaintiff's social limitations "would interfere with her ability to interact appropriately with co-workers and supervision and have interfered with these relationships in the past" but did not include a limitation to superficial interaction with supervisors.  (Tr. 423).  Even if the Court were to consider this post-hoc rationalization, however, it is not persuasive.  The ALJ did not find Dr. Kircher's opinion inconsistent with the state agency consultants' opinions; rather, she found it vague in terms of vocationally relevant functions.  Thus, this does little to explain why the ALJ singled out supervisors from the otherwise persuasive opined limitation on the quality of plaintiff's interactions.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Statement of Specific Errors (Doc. 10) be **SUSTAINED** and the

Commissioner's non-disability finding be **REVERSED AND REMANDED** under Sentence

Four of § 405(g) for further proceedings consistent with this Report and Recommendation.

Date: 5/18/2026 _____

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

AMANDA B.,                                          Case No. 2:25-cv-711
      Plaintiff,                              Graham, J.
                                                   Litkovitz, M.J.
    vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

12